993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Isabel SOMARRIBA-SOTO, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70577.
 United States Court of Appeals, Ninth Circuit.
 May 6, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Isabel Somarriba-Soto, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) decision finding Somarriba-Soto deportable and denying Somarriba-Soto's applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988). We review the BIA's factual findings under the substantial evidence standard. Id. Under this standard, we must determine whether, based on the record considered as a whole, the BIA's decision was supported by reasonable, substantial, and probative evidence. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992). If an alien seeks reversal of the BIA's finding that she failed to establish that she had a well-founded fear of persecution, she must show that the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Id. at 815 & n. 1.
 
 II
 Asylum/Withholding of Deportation
 
 5
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 6
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 7
 Past persecution alone, independent of a well-founded fear of future persecution, is enough to establish eligibility for asylum. Desir, 840 F.2d at 729. "The BIA may grant asylum for humanitarian reasons, where an applicant or his [or her] family has suffered 'under atrocious forms of persecution,' even where there is little likelihood of future persecution." Acewicz, 984 F.2d at 1062 (quoting Matter of Chen, Int.Dec. 3104 at 4 (BIA 1989) (quotations omitted)).
 
 
 8
 An alien is entitled to withholding of deportation pursuant to 8 U.S.C. § 1253(h) if he or she establishes a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984); Blanco-Lopez v. INS, 858 F.2d 531, 533 (9th Cir.1988). The "clear probability" standard applicable to withholding of deportation is more stringent than the "well-founded fear" standard applicable to asylum claims. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). Accordingly, an alien who fails to meet the "well-founded fear" standard required for asylum also fails to meet the "clear probability" standard required for withholding of deportation. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 9
 Here, Somarriba-Soto's request for asylum is based on her fear that if she returns to Nicaragua, she will be persecuted on account of political opinion, religion, and membership in a social group. Somarriba-Soto testified that she was a member of the Christian Democratic Party, which opposed the Sandinistas. Somarriba-Soto testified that in 1983 she was persecuted by Sandinista youth organizations who forced her to attend their meetings and threatened that she would disappear if she continued her anti-government activities. She testified that a friend of hers disappeared and that another friend was beaten by the Sandinistas. Somarriba-Soto testified that she was a Catholic and that in 1983 the Sandinistas came to her church, accused the congregation of being traitors, and threatened the American priest, who then left the area. She also testified that the Sandinistas stoned her house and called her a traitor. She testified that in 1983, when she went to see the Pope, she was almost hit by a truck driven by Sandinistas and injured her knee. Somarriba-Soto testified that she has continued her anti-Sandinista activities since her arrival in this country. Somarriba-Soto fears persecution if she returns to Nicaragua and, in addition, believes that she will be unable to find employment if she returns to Nicaragua.
 
 
 10
 Substantial evidence supports the BIA's determination that Somarriba-Soto has failed to demonstrate a well-founded fear of persecution. See Acewicz, 984 F.2d at 1061. Somarriba-Soto's testimony does not establish that she was singled out for persecution. She was never arrested, detained or beaten by the Sandinistas. She remained in Nicaragua without further incident for another year and a half after the incidents related above, and she was employed at a government job until she left the country. See Rodriguez-Rivera, 848 F.2d at 1006 (finding significant a petitioner's safe and undisturbed residence in his or her homeland after the alleged events that are the basis of the fear of persecution). Further, Somarriba-Soto's testimony does not establish that she is entitled to a grant of asylum for humanitarian reasons based on past persecution. See Acewicz, 984 F.2d at 1062. We therefore agree with the BIA that Somarriba-Soto has failed to establish statutory eligibility for asylum.
 
 
 11
 Moreover, because Somarriba-Soto has failed to demonstrate a well-founded fear of persecution, she has therefore also failed to meet the higher standard of clear probability of persecution. See Berroteran-Melendez, 955 F.2d at 1258. Accordingly, the BIA did not err by denying Somarriba-Soto's request for withholding of deportation.
 
 III
 Administrative Notice
 
 12
 Somarriba-Soto contends that the BIA erred by taking administrative notice of the changes in Nicaragua's government. In its decision, the BIA considered the evidence in the record, determined that Somarriba-Soto had failed to establish eligibility for asylum or withholding, and specifically stated that Somarriba-Soto's failure to establish eligibility was a sufficient basis for adjudicating the appeal. As an alternative ground for its decision, the BIA took administrative notice of the changes in Nicaragua's government and determined that, because the Sandinista party no longer controlled the government, Somarriba-Soto would not face persecution upon her return to Nicaragua. We have held that the BIA has discretion to warn petitioners of its intent to take administrative notice of such changes, to take notice, and to provide petitioners with an opportunity to rebut the noticed facts. See Acewicz, 984 F.2d at 1060; Castillo-Villagra v. INS, 972 F.2d 1017, 1028 & n. 5 (9th Cir.1992). Here, however, substantial evidence supports the BIA's decision independent of its taking administrative notice. See Castillo v. INS, 951 F.2d 1117, 1123 (9th Cir.1991) ("We need not address the propriety of the BIA taking such administrative notice because substantial evidence supports the BIA's independent determination that [petitioner] did not satisfy the criteria for asylum even if administrative notice was taken improperly."); cf. Castillo-Villagra, 972 F.2d at 1023, 1029 (where the BIA "gave no reasons for its decision except for the facts of which it took administrative notice," reversal was required to allow petitioners an opportunity to rebut). Accordingly, we need not reach the issue of whether the BIA abused its discretion by taking administrative notice without providing Somarriba-Soto warning and an opportunity for rebuttal.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3